**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Cordova,<br><br>   Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, individually and in his officially capacity as Maricopa County Sheriff,<br><br>   Defendant. | No. CV-05-2252-PHX-DGC (JI)<br><br>**ORDER** |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. Doc. #8. For the reasons set forth below, the Court will grant the motion and dismiss Plaintiff's complaint without prejudice.

**Background**

Plaintiff filed a *pro se* civil rights complaint on July 27, 2005, alleging Defendant violated his civil rights while Plaintiff was detained at the Maricopa County Durango Jail. Doc. #1. On August 5, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights by subjecting him to overcrowded and unsanitary living conditions, and that his rights are violated because he was not provided an adequate diet or recreational opportunities at the jail. Doc. #4.

Defendant filed the present motion to dismiss on October 20, 2005. Doc. #8.

Defendant contends that the complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust his administrative remedies by pursuing his claims through the Maricopa County jail inmate grievance process prior to filing his § 1983 complaint. *Id.* Plaintiff filed a response on December 2, 2005, stating that he did not exhaust administrative remedies because he was prevented from doing so by jail officials. Doc. #10. Defendants filed a reply to Plaintiff's response on December 12, 2005. Doc. #12.

## Discussion

### A.   Exhaustion of Administrative Remedies.

Exhaustion of administrative remedies is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). An inmate must exhaust available remedies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is an affirmative defense and Defendant has "the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the [C]ourt may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. If the Court concludes that Plaintiff "has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

The PLRA only requires that administrative remedies which are "available" to a prisoner be exhausted prior to bringing suit. 42 U.S.C. § 1997e(a) (2003 & Supp. 2005).

1 Because the statute requires the remedy to be "available" to the prisoner, it is possible for
2 a prisoner to exhaust his administrative remedies without his claims being denied at the
3 highest level of administrative review specified by the relevant inmate grievance policies.
4 *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that the district court erred
5 by dismissing an inmate's § 1983 claim based on his failure to exhaust because the court
6 did not consider the inmate's allegation that prison officials refused to provide him
7 grievance forms). Federal courts have held that "a remedy that prison officials prevent a
8 prisoner from 'utilizing' is not an 'available' remedy under § 1997e(a)[.]" *Miller v. Norris*,
9 247 F.3d 736, 740 (8th Cir. 2001) (alteration omitted); *see also Brown v. Valoff*, 422 F.3d 926,
10 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some*
11 remedy remains 'available.'") (emphasis in original).

12 **B.     Analysis.**

13 Defendant contends that Plaintiff did not exhaust his administrative remedies
14 because he did not pursue a grievance utilizing the Maricopa County jail inmate grievance
15 process regarding any of the claims stated in his § 1983 action prior to filing his complaint..
16 Doc. #8 at 4 & Exh. 1. In response to Defendant's assertion that Plaintiff did not pursue
17 administrative remedies, Plaintiff asserts in an unsworn statement that

> Plaintiff in good faith did attempt to pursue all levels of MCSO's
> administrative procedure beginning with a request for a grievance through
> the detention officers. It is at this point, even though policy DJ-3 states
> otherwise, that the Plaintiff is informed that his issues were non-greivable
> and therefor exhausted his administrative remedies.(sic)

21 Doc. #10 at 3.

22 In his reply, Defendant notes that Plaintiff admits he did not exhaust his
23 administrative remedies and that Plaintiff presents no evidence or specific allegations
24 regarding whether administrative remedies were available to him. Doc. #12.

25 Plaintiff has presented only unsworn, non-specific, rebutted averments that he was
26 told the issues complained of were not grievable. He does not assert that he attempted to
27 grieve his claims beyond an initial inquiry. The Court concludes that Plaintiff has failed to
28 exhaust administrative remedies available to him. *See Jones v. Smith*, 266 F.3d 399, 399 (6th

Cir. 2001) (concluding that dismissal for failure to exhaust was proper because the plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (concluding that section 1997e(a) does not permit the court to consider an inmate's subjective beliefs in determining whether administrative procedures are "available.").

### Conclusion

Plaintiff concedes that he did not exhaust his administrative remedies regarding the claims stated in his section 1983 complaint, and Defendant has presented evidence to the Court that administrative remedies were available to Plaintiff. Plaintiff does not present any specific or circumstantial evidence indicating that administrative remedies were not available. The complaint must be dismissed without prejudice pursuant to § 1997e because Plaintiff failed to exhaust his administrative remedies prior to filing his section 1983 suit.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. #10) is **granted** and Plaintiff's complaint is hereby **dismissed without prejudice**.

DATED this 29th day of December, 2005.

_____
David G. Campbell
United States District Judge